FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA L., | |
| Plaintiff, | No. 2:18-CV-00045-RHW |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 14. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C §§ 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

# I.     Jurisdiction

Plaintiff filed her application for Disability Insurance Benefits on December 10, 2012. AR 332-38. Her alleged onset date of disability is July 31, 2011. AR 332. Plaintiff's application was initially denied on May 6, 2013, AR 234-37, and on reconsideration on September 19, 2013, AR 246-56.

Hearings with Administrative Law Judge ("ALJ") Riley J. Atkins occurred on March 4, 2015, AR 148-88, and May 28, 2015, AR 189-205. On June 15, 2015, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 124-42. The Appeals Council denied Plaintiff's request for review on October 27, 2016, AR 20-23, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on February 8, 2018. ECF No. 4. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.     Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 49 years old at the alleged date of onset. AR 129, 141, 332. She has a high school education and is able to communicate in English. AR 48, 141, 155. Plaintiff has past work as a security guard, control security guard, and a waitress/bartender. AR 140, 358, 366. Plaintiff has a history of alcohol and marijuana abuse. *See, e.g.* AR 48, 126-38.

\\

\\

\\

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from July 31, 2011, through the date of the ALJ's decision. AR 124, 142.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 31, 2011 (citing 20 C.F.R. § 404.1571 *et seq.*). AR 126.

**At step two**, the ALJ found Plaintiff had the following severe impairments: history of anterior cervical fusion with multilevel degenerative disc disease, hepatitis C infection, posttraumatic stress disorder, major depressive disorder, alcohol use disorder, cannabis use disorder, and borderline personality disorder (citing 20 C.F.R. § 404.1520(c)). AR 126.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 127.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, except: she can occasionally engage in postural activities; she can routinely climb ramps and stairs, but never engage in other climbing; she should avoid extreme cold and vibration in the workplace; she should avoid concentrated exposure to other workplace hazards such as working at heights or around dangerous machinery with moving parts; she can sustain concentration,

persistence, and pace for simple, routine, repetitive tasks in the workplace, and she should have no more than occasional contact with the public; and she can engage in normal, routine social interactions with coworkers and supervisors. AR 128-29.

The ALJ found that Plaintiff in unable to perform her past relevant work. AR 140.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 141. These include mailroom clerk private sector, office helper, and office cleaner. *Id*.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; and (3) improperly evaluating the Veteran Affairs' disability determination. She further argues the Appeals Council failed to adequately consider new medical opinion evidence.

## VII.   Discussion

### A. The ALJ properly evaluated Plaintiff's subjective complaints.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely

credible. AR 129. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 129-40.

First, the ALJ noted that Plaintiff's allegations of completely disabling impairments are belied by multiple inconsistent statements and Plaintiff's actual level of activity. AR 139-40. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ specifically noted that Plaintiff has frequently and continuously misrepresented her alcohol use and sobriety. AR 139. Despite Plaintiff's testimony and unequivocal statements to medical providers that she has been sober since November 2013, the record clearly shows that she was still consuming alcohol at least through December 2014 and she had lied multiple times about her alcohol use. *See* 139, 162. Dr. Ellison also wrote at the top of his second examination report that there were inconsistencies in her narrative as compared to her first examination. AR 2816.

1    The ALJ further noted that while Plaintiff testified to severe physical

2    limitations due to pain, she had not participated in vocational rehabilitation

3    services because she was very busy remodeling her home. AR 139-40, 529.

4    Plaintiff's statements about her daily activities also undermine her testimony of

5    complete disability, including her ability to attend to the needs of her two young

6    children, pack and move out of her home, attend to all of her personal needs

7    without assistance, walk long distances, lift twenty pounds, drive without trouble

8    except for getting lost, and not need to take pain medications on a consistent basis

9    until a few days before the first hearing with the ALJ. AR 140, 529, 620, 2816. The

10   ALJ reasonably found that Plaintiff's inconsistent statements and actual level of

11   activity contradicts her allegations of total disability. The record supports the

12   ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

13       Next, the ALJ noted multiple inconsistencies with the medical evidence. AR

14   129-40. This determination is supported by substantial evidence in the record. An

15   ALJ may discount a claimant's subjective symptom testimony that is contradicted

16   by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155,

17   1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant

18   medical evidence is a legally sufficient reason to reject a claimant's subjective

19   testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff

20   alleges completely debilitating physical and mental limitations. *See* AR 140.

However, the record does not support the level of physical and mental health difficulties alleged. Treatment and exam notations are consistently unremarkable, finding normal strength, muscle bulk and tone, sensation, reflexes, gait, and station, Plaintiff has a full range of motion, and her grips are strong and equal. AR 130-40, 621, 1256, 1850, 2816-17. Plaintiff also frequently admits to not wearing her back brace. AR 140. The treatment and exams in the record regularly note that Plaintiff's mental health is within normal limits, she generally reports good results with her mental health medications, she is consistently cooperative on examination with normal and clear speech, she is fully oriented with no acute distress, her insight and judgment are good, and her neurological exams are normal and unremarkable. AR 130-40, 621, 1256, 1851, 1891, 2817. The record also demonstrates that Plaintiff reports improvement in her mood when she abstains from alcohol and cuts back on marijuana use. AR 131, 132, 140. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one

rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ properly assessed the medical opinion evidence.**

**a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Angela Chan, M.D.

Dr. Chan examined Plaintiff in August 2012, and stated that Plaintiff had a benign pancreatic cyst with no malignancy. AR 509-12. Dr. Chan briefly opined that this condition was moderate and Plaintiff would need sedentary part-time work at that time due to her abdominal pain from the pancreatic cyst. AR 511-12.

The ALJ did not completely reject Dr. Chan's opinion, but afforded the opinion only little weight. AR 137. The ALJ provided multiple valid reasons supported by the record for discounting this opinion. AR 137-38. First, the ALJ noted that Dr. Chan's opinion is highly inconsistent with the treatment records that consistently show that the pancreatic cyst was non-symptomatic and not worrisome. *E.g.*, AR 137, 514, 620, 871. Additionally, due to the size of the cyst it was removed in November 2013, with no protracted recovery period and no functional limitations stemming from the surgery after February 2014. AR 137-38,

871. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Additionally, the ALJ noted that Dr. Chan's opinion is inconsistent with Plaintiff's own statements. AR 137-38. Prior to surgery to remove the cyst, Plaintiff denied any symptoms related to the cyst, although she endorsed nausea possibly from her medications. AR 137, 1439. Plaintiff also testified that she did not notice any reduction in her ability to function after the surgery and testified that she has fully recovered from the procedure. *See* AR 138, 162, 171. The ALJ also noted that the record shows Plaintiff continues to smoke marijuana for nausea, suggesting that her nausea complaints were not related to the cyst. AR 138. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record, in this case, with Plaintiff's own statements. *See Morgan*, 169 F.3d at 600; *see also Rollins*, 261 F.3d at 856 (an ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one

rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Chan's opinion.

### c. John H. Ellison, M.D.

Dr. Ellison examined Plaintiff in March 2015, and opined that in an eight-hour workday Plaintiff could lift and or carry 20 pounds occasionally and ten pounds frequently; she could sit a total of six hours, stand for two hours, and walk for one hour; she could occasionally reach, handle, finger, feel, and push/pull; she could use her feet for foot controls; she could occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; she could never crawl or climb ladders or scaffolds; she should never work around unprotected heights or extreme could, but could occasionally work around moving mechanical parts, humidity and wetness, pulmonary irritants, extreme heat, and vibration; she could occasionally operate a motor vehicle; and she could work around moderate noise. AR 2816-24.

The ALJ did not completely discount this opinion, but assigned the opinion little weight for multiple valid reasons supported by the record. AR 137. First, the ALJ noted that a portion of the opinion is consistent with the record, but the opinion regarding Plaintiff's ability to stand and walk appear to be based on Plaintiff's self-reports. AR 137. An ALJ may discount a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and

the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The only reference to issues with standing and walking are found in Plaintiff's subjective statements to Dr. Ellison. AR 2816. Whereas, Dr. Ellison's actual examination notes found no limitations, but state that Plaintiff has a full range of motion in her extremities, negative straight leg raise, slightly reduced range of motion in her back due to discomfort, normal station and gait, and normal muscle strength, bulk, and tone. AR 2817.

Additionally, the ALJ found Dr. Ellison's opinion to be inconsistent with the longitudinal record that consistently shows Plaintiff's strength is 5/5, and her gait, station, and reflexes are all normal. AR 137. This finding is supported by the record, treatment and exam notations are unremarkable, finding normal strength, muscle bulk and tone, sensation, reflexes, gait, and station, Plaintiff has a full range of motion, and her grips are strong and equal. AR 130-40, 621, 1256, 1850, 2816-17. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also*

*Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Ellison's opinion.

**C. The ALJ properly considered the Veteran Affairs' disability determination.**

Ordinarily, an ALJ must give a VA determination great weight "because of the marked similarity between [the VA and Social Security Administration] disability programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.2002). But, "[b]ecause the VA and SSA criteria for determining disability are not identical," an ALJ may give less weight to a VA determination when he provides "persuasive, specific, valid reasons for doing so that are supported by the record." *Id*.

The Veteran Affairs ("VA") records show that Plaintiff received an 80% service connected disability rating based on: 60% inflammation of the pancreas; 10% lumbosacral or cervical strain; 40% hepatitis C; 0% COPD; and 10% degenerative arthritis of the spine. AR 135, 650, 735. The ALJ considered but assigned little weight to the Veteran Affairs' disability determination. AR 135. When making his final decision, the ALJ reviewed Plaintiff's entire medical record, including evidence that was not available to the VA when it made its disability

determination. *Id*. The ALJ explicitly mentioned the 80 percent service connected disabled rating when issuing his decision and noted that disability ratings between the two agencies do not necessarily have the same meaning. *Id*.

While the ALJ cannot reject the VA rating solely because the SSA and VA's governing rules differ, the difference in rules was not the sole basis of the rejection. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that VA and SSA disability inquiries are different, her analysis fell afoul of *McCartey*."). In *Valentine*, the court went on to find that "[t]he ALJ was justified in rejecting the VA's disability rating on the basis that she had evidence the VA did not." *Id.* at 695-96.

Here, the ALJ considered the entire record available to him, including evidence not available to the VA when its determination was made, such as Plaintiff's own testimony, the opinions of the State Agency consultants, and the examinations performed by Dr. Ellison and Dr. Doppelt. AR 135. The ALJ found, based on the entire record before him, including evidence not available to the VA in 2011, that Plaintiff's pancreas cyst and hepatitis C – upon which the VA's assessment of disability is primarily based – have been largely non-symptomatic and not worrisome. *E.g.*, AR 137, 514, 620, 871. Prior to surgery to remove the cyst, Plaintiff denied any symptoms related to the cyst. AR 137, 1439.

Furthermore, due to the size of the cyst it was removed in November 2013, with no protracted recovery period and no functional limitations stemming from the surgery after February 2014. AR 137-38, 871. Plaintiff also testified that she did not notice any reduction in her ability to function after the surgery and testified that she has fully recovered from the procedure. AR 138, 162, 171. "[T]he acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason[ ] ... supported by the record' under *McCartey* for according little weight to a VA disability rating." *Id.*

The ALJ specifically reviewed and addressed the VA's rating in his order. Further, in making his determination, the ALJ considered the entire record available to him, which included evidence that was not available to the VA. Therefore, the ALJ appropriately considered the VA rating and gave persuasive, specific and valid reasons for affording less weight to the VA's determination of disability.

**D.    The Appeals Council did not fail to adequately consider new medical opinion eviden**ce.

Following the ALJ's determination finding Plaintiff ineligible for disability benefits, Plaintiff filed a request for review and submitted 81 pages of new evidence to the Appeals Council in conjunction with her request for review of the ALJ's decision. AR 20-21. The Appeals Council looked at the new medical

evidence and added it to the record, but determined that this new evidence from June 16, 2015 to August 25, 2015 is about a later time and therefore does not affect the ALJ's decision about whether Plaintiff was disabled on or before June 15, 2015. AR 21. The Appeals Council stated that Plaintiff will need to apply again if she wants the Commissioner to consider whether she is disabled after June 15, 2015. *Id*.

Plaintiff does not argue that the Appeals Council improperly rejected the 81 pages of new information; rather, she briefly asserts that the Appeals Council erred by failing to adequately consider the August 2015 medical opinion evidence from Dr. Franklin-Comb and Dr. Davidoff, that consists of five sentences in the record stating that Plaintiff will have some limitations with productivity and back pain, but that this will not prevent gainful employment. ECF No. 13 at 19; AR 46, 68, 77.

While the Court may review the final decisions of the Commissioner of Social Security, 42 U.S.C. § 405(g), the Court does "not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec. Admin,* 682 F.3d 1157, 1161 (9th Cir. 2012). However, the Court reviews the administrative record, which "includes evidence submitted to and considered by the Appeals Council." *Id.* at 1162. "If new and

material evidence is submitted, the Appeals Council shall consider the additional evidence *only where it relates to the period on or before the date of the administrative law judge hearing decision*." 20 C.F.R. § 404.970(b) (emphasis added).

Plaintiff's conclusory allegations that the August 2015 opinions of Dr. Franklin-Comb and Dr. Davidoff constitute new evidence that relates to the period on or before the date of the ALJ's decision is without merit. There is no indication, support, or even argument by the plaintiff as to why these new opinions written months after the ALJ's decision relate to the period on or before the ALJ's decision. Indeed the brief opinions are found amongst 81 pages of medical records that are all from after the relevant period of time. *See* AR 40-120. The medical opinions were written two months after the relevant period and contain no indication that they relate to an earlier period of time. *See* AR 46, 68, 77.

Thus, the Court finds the Appeals Council did not fail to adequately consider this new medical opinion evidence as it does not relate to the period of time on or before the date of the ALJ's decision.

### VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of October, 2018.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge